# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1999 SESSION

FILED

July 20, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. 03C01-9810-CC-00360 |
| **Appellee** | * | BLEDSOE COUNTY |
| **V.** | * | Hon. J. Curtis Smith, Judge |
| **ROBERT S. VASSER** | * | (Aggravated Sexual Battery) |
| **Appellant.** | * | |

For Appellant                                    For Appellee

B. Jeffery Harmon                           Paul G. Summers
Assistant Public Defender              Attorney General and Reporter
P.O. Box 220                                  425 Fifth Avenue North
Jasper, TN  37347                          Nashville, TN  37243-0493

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Will Dunn
Assistant District Attorney General
First American National Bank
Dayton, TN  37321

OPINION FILED:

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The appellant, Robert S. Vasser, was convicted in the Circuit Court of Bledsoe County of the aggravated sexual battery of two young girls, ages eight and ten. The trial court imposed concurrent sentences of eight years and nine months in the Tennessee Department of Correction. The sole issue raised on appeal is whether the trial court erred by instructing the jury pursuant to Tenn. Code. Ann. § 40-35-201 (Repealed, May 18, 1998), the "truth in sentencing" statute. Following a thorough review of the record and the parties' briefs, we affirm the judgment of the trial court.

## Factual Background

On November 25, 1996, a Bledsoe County Grand Jury indicted the appellant for one count of rape of SM and one count of aggravated sexual battery of her sister, SB.[1] The appellant's case proceeded to trial on December 9, 1997. At trial, the proof established that the appellant and his girlfriend were renting a recreational vehicle (RV) from the victims' parents at the time of the offenses. The appellant and his girlfriend lived in the RV, which was parked adjacent to the victims' home. They ate meals with the victims' family and assisted with household chores, including occasionally babysitting the children. Both SM and SB testified at trial that, on one evening as they lay in bed, the appellant entered their bedroom and hugged each of them. As the appellant hugged the children, he placed his hand inside their underwear and touched their genitalia. The appellant testified at trial and denied touching the children aside from hugging them.

As to the charge of rape of SM, the trial court instructed the jury on the

---

[1] Pursuant to this Court's policy, the minor victims will be referred to only by their initials.

lesser offenses of aggravated sexual battery and attempt to commit aggravated sexual battery. As to the charge of the aggravated sexual battery of SB, the trial court instructed the jury on the lesser offense of attempted aggravated sexual battery. Additionally, the trial court delivered the following instruction to the jury:

> The jury will not attempt to fix any sentence. However, you may weigh and consider the meaning of a sentence of imprisonment. The range of punishment for the crimes herein involved are as follows:
>
> Rape of a child is a Class A felony which is punishable upon conviction by confinement in the Department of Corrections for a term of years of not less than 15 nor more than 25 which term shall be served in its entirety. . .
>
> Aggravated sexual battery is a Class B felony which is punishable upon conviction by confinement in the Department of Corrections for a term of years of not less than eight nor more than twelve which term shall be served in its entirety. . . .
>
> Criminal attempt to commit aggravated sexual battery is a Class C felony which is punishable upon conviction by confinement in the Department of Corrections for a term of years not less than three nor more than six years. . . .
>
> You are further informed that the minimum number of years a person sentenced to imprisonment for these offenses must serve before reaching the earliest release eligibility date is:
>
> On rape of a child and aggravated sexual battery. A person convicted of these offenses shall serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn. A person convicted of these offenses shall not be eligible for parole or release prior to service of the entire sentences imposed by the court.
>
> Criminal attempt to commit aggravated sexual battery, the minimum number of years a person is sentenced during imprisonment for this offense must serve, before reaching earliest release eligibility date is 36% of three years.
>
> Whether a defendant is actually released from incarceration on the date when first eligible for release is a discretionary decision made by the Board of Parole and is based on many factors. The Board of Parole has the authority to require a defendant to serve the entire sentence imposed by the Court.

3

As noted earlier, the jury convicted the appellant of two counts of aggravated sexual battery.

## Analysis

The appellant contends that the trial court erred by instructing the jury on the release eligibility dates applicable to the charged offenses and the lesser offenses. The appellant argues that the instruction in this case is distinguishable from the instruction in State v. King, 973 S.W.2d 586 (Tenn. 1998), and therefore violated the appellant's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Tennessee Constitution.

Initially, we note that, in a motion dated December 9, 1997, the appellant asked the trial court pursuant to the truth in sentencing statute "to charge the jury on the possible penalties for the offense charged and all lesser included offenses." However, the language requested by the defense attorney omitted information concerning the release eligibility percentages of aggravated sexual battery and attempt to commit aggravated sexual battery. At the close of the State's proof, defense counsel explicitly objected to any instruction concerning the release eligibility percentage of attempt to commit aggravated sexual battery.

We conclude that the trial court's instruction, delivered in accordance with Tenn. Code. Ann. § 40-35-201(b)(2), was consistent with principles of due process. In King, 973 S.W.2d at 586, our supreme court stated that deference should be given to the legislature's determination that the sentencing information set forth in Tenn. Code Ann. § 40-35-201(b)(2) is relevant. Id. at 591. Noting that the jury had been properly instructed on the State's burden of proof and instructed that it

4

could not fix punishment for the offense, the court concluded that no due process violation had occurred.  Id. at 592.

Similarly, the jury in this case was properly instructed that the State must prove each element of the charged offense beyond a reasonable doubt.  The jury was also instructed that it was not to attempt to fix punishment for the offense. We have no reason to suspect that the jury failed to heed the instructions of the trial court.  Id. See also State v. Bankston, No. 03C01-9608-CR-00302, 1999 WL 49897, at *16 (Tenn. Crim. App. at Knoxville, February 4, 1999); State v. Green, No. 01C01-9706-CR-00223, 1998 WL 708915, at *27 (Tenn. Crim. App. at Nashville, October 12, 1998), perm. to appeal denied, (Tenn. 1999); State v. Nichols, No. 01C01-9704-CR-00158, 1998 WL 468638, at **13-14 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal granted, (Tenn. 1999); State v. Nelson, No. 01C01-9707-CR-00237, 1998 WL 557558, at **4-5 (Tenn. Crim. App. at Nashville, August 27, 1998).

We acknowledge that the trial court in this case did *not* instruct the jury, as the trial court did in King, that it was providing the release eligibility percentages *for the jury's information only*.  We further acknowledge that, in contrast to the cases cited above, some members of this court have held that a jury instruction on release eligibility percentages which permits the jury to "weigh and consider the meaning of a sentence of imprisonment," and does not contain the "for your information only" language included in King, violates due process.  State v. Weiskopf, No. 02C01-9611-CR-00381, 1998 WL 840000, at **3-4 (Tenn. Crim. App. at Jackson, December 4, 1998).  See also Nichols, No. 01C01-9704-CR-00158, 1998 WL 468638, at *15 (Wade, J., concurring); Nelson, No. 01C01-9707-CR-00237, 1998 WL 557558, at *5 (Wade, J., concurring).  This issue has been a

5

divisive one for this court.  <u>Green</u>, No. 01C01-9706-CR-00223, 1998 WL 708915, at *25.

Without deciding this dispute, which is currently before our supreme court, we conclude that any error was harmless.  We agree with the State that the only possible prejudice to the appellant was the jury's failure to find the appellant guilty of attempt to commit aggravated sexual battery with respect to both counts of the indictment.  However, the record is devoid of any evidence of this lesser offense.  Rather, the proof at trial either supported a conclusion that the petitioner committed aggravated sexual battery or supported a conclusion that the appellant is entirely innocent.  The appellant's contention is without merit.

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
Cornelia A. Clark, Special Judge

6